OPINION
Appellant, Landmark Insurance Company, brought an action seeking indemnification, for amounts paid to settle a personal injury claim, against appellees, Cincinnati Insurance Company, Westfield Insurance Company, State Farm Fire Casuality Insurance Company, Nationwide Insurance Company, and Auto Owners Insurance Company. Appellant timely appeals from the Portage County Court of Common Pleas' judgment, granting appellees' motions for summary judgment, entered July 28, 2000.
During the spring semester of 1995, Chad Johnson was pledging the Delta Upsilon Fraternity at Kent State University. On April 29, 1995, Johnson participated in a tug-of-war philanthropy. The Delta Upsilon team consisted of Johnson, another pledge named Greg Cooper, and three active members of the fraternity, one of which was Greg Brown. Shortly after the tug-of-war ended, Brown and Cooper slid headfirst into the mud pit where the event was held. Johnson then slid headfirst into the mud pit. As a result of this slide, Johnson suffered serious injuries, which resulted in quadriplegia.
Johnson claims he was told to slide into the mud pit by Brown. Johnson said that Brown essentially made sliding into the mud pit a condition of membership into the fraternity, because of threats to blackball him if he did not do it. Johnson described Brown as a "bully" and stated that Brown demanded he participate in the tug-of- war, even though he really did not want to.
On April 23, 1996, Johnson brought suit against the National Chapter of Delta Upsilon, the Kent State University Chapter of Delta Upsilon, another fraternity and a sorority both affiliated with the tug-of-war event, an employee of Kent State University, and against individual members of the Delta Upsilon Fraternity. The individual members of Delta Upsilon named in the lawsuit were: Bill Sopko, President; Ian Conroy, Secretary; Dave Schwartz, Treasurer; Stuart Thom, Vice President for Member Education; Jeff Stine, Vice President for Public Relations; Josh Rider, Vice President for Rush and Assistant Pledge Educator; Yong Rhee, Vice President for Scholarship; Mike Harwood, Risk Manager; Steve Johnson, Social Chair and House Manager; Jason Grant, Pledge Educator; and Greg Brown, Member. All of the named individuals, except Greg Brown, held an elected and/or an executive position in the Delta Upsilon Fraternity. Johnson alleged his injuries were the result of negligence and violations of R.C. 2903.31, a statute prohibiting hazing.
Appellant, Landmark Insurance, provided liability coverage to both the Delta Upsilon Fraternity and its members. Additionally, many of the individual members were covered by their parents' homeowner's insurance. Specifically, Bill Sopko was insured by appellee, Cincinnati Insurance Company; Greg Brown was insured by appellee, Westfield Insurance Company; Stuart Thom, Jeff Stine, and Jason Grant were all insured by appellee, State Farm Fire Casualty Insurance Company; Mike Harwood was insured by appellee, Nationwide Mutual Insurance Company; and Steve Johnson was insured by appellee, Auto Owners Insurance Company.
On the eve of trial, appellant Landmark settled the suit between Johnson and the defendants associated with the Delta Upsilon Fraternity for $1.75 million. Pursuant to the settlement, Johnson waived his right to bring further legal action against any of these defendants, including the individual members. After settling the case with Johnson, appellant brought this action seeking indemnification from the appellees. On July 28, 2000, the trial court granted appellees' motion for summary judgement, holding that appellant was a volunteer in settling the underlying matter and was not entitled to contribution.
Appellant raises the following assignment of error:
 "The trial court erred in granting defendants-appellees' motions for summary judgement"
 The trial court relied on Farm Bureau Mut. Auto. Ins. Co., v. Buckeye Union Cas. Co. (1946), 147 Ohio St. 79, and found that appellant acted as a volunteer when it settled the underlying claim. The Supreme Court of Ohio has held that "[g]enerally speaking, the party making payment is a volunteer if, in so doing, he has no right or interest of his own to protect, and acts without obligation, moral or legal, and without being requested by anyone liable on the obligation." Aetna Cas. Surety Co. v. Buckeye Union Cas. Co. (1952), 157 Ohio St. 385, at 392-393, quoting 50 American Jurisprudence, 698, Section 22. The trial court concluded that appellant, by settling the underlying action and relieving appellees of liability, was acting as a volunteer, as it was not protecting its own interests and was acting without obligation. Therefore, the trial court found that appellant was not entitled to contribution from the appellees.
The standard of review for an appellate court reviewing a trial court's decision to grant a motion for summary judgment is de novo, because it only involves questions of law. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Therefore, we are to review this case as the trial court did, to determine if the requirements of Civ.R. 56(C) have been met. Drawl v. Cornicelli (1997), 124 Ohio App.3d 562. Summary judgment is proper, pursuant to Civ.R. 56(C), if there is evidence showing that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293.
All of the insurance policies in this case contain an "other insurance" clause. These clauses provide that if there is other insurance covering the same risk, the policy will only pay amounts in excess of the amount paid by other insurance. The Supreme Court of Ohio has addressed the issue of assigning liability to multiple insurance companies when all have "other insurance" clauses:
 "Where two insurance policies cover the same risk and both provide that their liability with regard to that risk shall be excess insurance over other valid, collectible insurance, the two insurers become liable in proportion to the amount of insurance provided by their respective policies." Buckeye Union Ins. Co. v. State Auto. Mut. Ins. Co. (1977), 49 Ohio St.2d 213, syllabus.
 The effect of these clauses is that appellees would be liable on a pro rata basis if the individual member they represent was found liable for the accident. Likewise, appellant would also be liable for its pro rata share. Appellant would then split the costs incurred with the insurance company of any individual who is assigned personal liability. Each insurance company would only be liable for its share of the liability, not the entire amount.
Since appellees would have had a duty to pay their proportionate share of the liability, appellant has effectively relieved them of this duty by becoming a volunteer. The trial court was correct in relying on FarmBureau. In that case the Supreme Court of Ohio held that an insurance company, who pays the entire loss when it is not obligated to do so, is a volunteer and not entitled to contribution. Id. at 89-90.
This court applied the holding in Farm Bureau more recently in the case of Buckeye Union Ins. Co. v. Allstate Ins. Co. (Feb. 23, 1981), Ashtabula App. No. 1017, unreported, 1981 Ohio App. LEXIS 14128. In this case, Buckeye paid the entire loss, even though it was not required to do so. We held that Buckeye was a volunteer, and could not recover from the other insurance company. Id. at *3.
In another factually similar case, the Eighth District Court of Appeals addressed this issue in Ins. Co. of N. Am. v. Travelers Ins. Co. (1997),118 Ohio App.3d 302. This case also concerned two insurance companies who were both potentially liable in a personal injury suit. ICNA settled the case and sought indemnification from Travelers. The court, applying theFarm Bureau analysis, held that ICNA was a volunteer and was not entitled to contribution. Id. at 316.
Appellant devotes a significant portion of its brief to argue that theFarm Bureau case no longer prevails given today's legal environment and recent Supreme Court mandates encouraging settlement. However, FarmBureau still provides the controlling case law on this issue and, therefore, we are to follow the law as established by the Supreme Court of Ohio.
Appellant encourages us to follow Arkwright Mut. Ins. Co. v. LexingtonIns. Co. (Sept. 29, 2000), Hamilton App. No. C-990347, unreported, 2000 Ohio App. LEXIS 4468. This case is factually quite different from the case sub judice. This case involved property loss, while the case at bar involves liability. Therefore, we find Farm Bureau and the cases following it to be more applicable to the case at bar.
Appellant argues, based on Owens-Corning Fiberglass Corp. v. Am.Centennial Ins. Co. (1995), 74 Ohio Misc.2d 183, that the "other insurance" clauses in this case do not limit liability to a proportion of the loss, as the clause in Farm Bureau did. The court in Owens-Corning
distinguished that case from Farm Bureau, in part, on this ground, and held that the settling insurance company was entitled to contribution from other collectible insurance. Id. We disagree with this rationale. Following the holding in Buckeye Union, two insurers that cover the same risk will be liable in proportion to the amount of insurance provided. See Buckeye Union v. State Auto. Mut. Ins. Co., and analysis, supra. Further, in Buckeye Union, the Supreme Court of Ohio's holding does not make any reference to any distinction to be given to "other insurance" clauses with or without the proportional language. Id.
In the case at bar, we agree with the trial court and hold that appellant was a volunteer. By paying the entire amount of the settlement, appellant has paid for amounts it was not obligated to pay. Therefore, appellant acted as a volunteer in settling the underlying case, and is not entitled to contribution from the appellees.
Appellant's assignment of error is without merit. The judgment of the trial court is affirmed.
PRESIDING JUDGE WILLIAM M. O'NEILL, NADER, J., GRENDELL, J., concur.