OPINION
{¶ 1} This is an appeal of a judgment of the Portage County Court of Common Pleas, granting the motion of appellees, Sirgo's, Robert Harris, and Elizabeth Harris, and entering summary judgment against appellants, Susan Manfrass ("Susan") and Ned Manfrass.
 {¶ 2} The facts of this case are not in dispute. Sirgo's was a restaurant located in Kent, Ohio, owned by Robert and Elizabeth Harris. On December 21, 1999, Susan visited Sirgo's to purchase gift certificates. She had patronized Sirgo's a few times a year for the previous five years. Susan entered the restaurant by the south doorway. When she left the restaurant, she would have left by through the north doorway, but she noticed a sign that said to use the other door. The north door would not open because the sidewalk outside of the door had buckled, obstructing the door.
 {¶ 3} Susan left the building and walked past the north doorway. As she walked past the north doorway, she slipped and fell on ice in the area where the sidewalk had buckled. The buckling buckled sidewalk had allowed water to collect, and this water had frozen into a sheet of ice that was not plainly visible.
 {¶ 4} On December 13, 2000, appellants filed suit against appellees, alleging that the negligence of appellees had caused Susan to sustain injuries and for Ned to suffer a loss of services. Appellees filed a motion for summary judgment, arguing that they were entitled to summary judgment because they had no duty to warn or protect appellant from natural accumulations of ice or snow on the property and because they had no notice of any dangerous condition on the property. In support of their motion, appellees presented the deposition of Susan. Appellants filed a motion in opposition, which was supported by affidavits and an unsworn engineer's report.
 {¶ 5} The trial court granted summary judgment to appellees against appellants on all the claims. Appellants filed a timely notice of appeal, raising the following assignment of error:
 {¶ 6} "[w]hether the trial court erred in granting defendant's [sic] motion for summary judgment when plaintiff [sic] presented evidence of negligence sufficient to raise a jury issue."
 {¶ 7} In their sole assignment of error, appellants argue that it was error for the trial court to grant summary judgment against them because they had shown that appellees had created a dangerous condition by allowing the sidewalk to deteriorate, knew the sidewalk was dangerous, and failed to warn appellant Susan of that fact. Appellants claim that this created a jury question on liability.
 {¶ 8} Summary judgment is proper when: "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 9} It is undisputed that Susan was a business invitee of appellees. There is also no dispute that Susan slipped on a patch of ice and fell. She makes no claim that she tripped or fell because of the buckling buckled of the sidewalk. Both parties also agree that, on the day Susan fell, the temperature was below freezing.
 {¶ 10} With their motion opposing appellees' motion for summary judgment, appellants submitted an unsworn report of an engineer who examined four photographs of the sidewalk and rendered an opinion. "Civ.R. 56(C) provides the exclusive list of documentary evidence to support a summary judgment motion: affidavits, deposition, answers to interrogatories, written admissions, transcripts of evidence in the pending case, and written stipulations. No other evidence may be considered." (Emphasis sic.) Drawl v. Cornicelli (Dec. 26, 1997),124 Ohio App.3d 562, 569. Other documentary evidence may be admitted, however, if it is introduced by an affidavit, which complies with Civ.R. 56(E). Id. Appellants' expert's report was not in the form of a sworn affidavit, neither was it introduced in a sworn affidavit. Thus it should not have been admitted; however, the court may consider unsworn or unauthenticated evidence if neither party objected to the evidence before the trial court. Oakley v. Reiser (Dec. 21, 2001), 4th Dist. No. 01CA40, 2001 Ohio App. LEXIS 5618, at *6-7, fn. 2, citing Besser v. Griffey
(1993), 88 Ohio App.3d 379. A review of the record reveals no objections to the consideration of appellants' expert report, thus, we will consider it.
 {¶ 11} The In his report, appellants' engineer concluded that "[t]he concrete slab area near a wooden flower pot is depressed and ponding water which on December 21, 1999 may have been frozen as `clear ice' and represented a slip hazard to Ms. Manfrass." He also concluded, "the pictures depict a sidewalk which represented a slip, trip and fall hazard." No evidence was submitted of the engineer's qualifications. There was also no indication in the engineer's report that the photographs were taken in similar conditions to those when appellant fell. The affidavits submitted by appellant, however, state that the section of the sidewalk in front of the north doorway in question was in disrepair, buckled, and raised, not depressed.
 {¶ 12} A landowner owes business invitees a duty to exercise reasonable care to maintain the premises in a safe condition. Light v.Ohio Univ. (1986), 28 Ohio St.3d 66, 68. However, "in Ohio, a property owner owes no duty to a business invitee to remove natural accumulations of snow and ice from sidewalks, steps and parking lots." GoodwillIndust. v. Sutcliffe (Sept. 13, 2000), 9th Dist. No. 19972, 2000 Ohio App. LEXIS 4131, at *4-5, citing Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph three of the syllabus. Ohio courts have also repeatedly held that an accumulation of ice is not unnatural simply because water collected in a depression in a sidewalk or driveway and subsequently froze due to cold weather. See, e.g., Juredine v. Hill (Mar. 26, 1993), 11th Dist. No. 92-G-1704, 1993 Ohio App. LEXIS 1733; Goodwill Indust., supra; D'Ambrosi v. Vicorp Specialty Restaurant, Inc. (Feb. 23, 1989), 8th Dist. No. 54976, 1989 Ohio App. LEXIS 628. Indeed, "every sidewalk, street or parking lot cannot be expected to be completely free of all constructional imperfections, defects or blemishes. To hold otherwise would cause every builder of a sidewalk as well as the abutting property owner and municipality in which it is located to become an absolute insurer." Plymale v. Sabina Pub. Library (Dec. 21, 1987), 12th Dist. No. CA87-02-005, 1987 Ohio App. LEXIS 10124, at *6-7`, citing Jeswald v.Hutt (1968), 15 Ohio St.2d 224.
 {¶ 13} There is no indication in this case that the formation of ice on the buckled sidewalk was anything other than a natural accumulation of ice. Thus, appellees owed appellants no duty to remove any ice that collected on the sidewalk. Because appellees owed appellants no duty to remove the natural accumulation of ice, appellees cannot, as a matter of law, cannot be found negligent for failing to remove it.
 {¶ 14} Appellants also argue that appellees had superior notice of the condition that caused Susan's fall. A landowner could be held liable for injuries occasioned by a fall caused by a natural accumulation of ice if the landowner is shown to have actual or implied notice that the natural accumulation of ice or snow on the premises has caused a condition substantially more dangerous than their business invitees should have anticipated. Debie v. Cochran Pharmacy-Berwick, Inc. (1967),11 Ohio St.2d 38, paragraph one of the syllabus.
 {¶ 15} The evidentiary materials submitted with the parties' motions fail to show that appellees had actual or implied notice that conditions were more dangerous than their patrons should have expected. Both parties agree that the sidewalk had buckled, that the buckling buckled sidewalk prevented the north door from opening and that appellees posted a sign on the north door, instructing patrons to use the south door. Furthermore, both parties agree that the temperature that day was cold, probably below freezing. However, nothing in the evidentiary materials offered by the parties shows that appellees were actually aware of the ice present on the sidewalk or that they should have been aware of the ice. There is also nothing that shows that this patch of ice was more hazardous than any other natural accumulation of ice, which is to be expected during the winter months in Ohio. Thus, appellants' assertion that appellees had superior knowledge of the hazard, and thus could be held liable is not well taken.
 {¶ 16} Appellants' assignment of error is without merit.
 {¶ 17} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed.
Judgment affirmed.
DONALD R. FORD and DIANE V. GRENDELL, JJ., concur.