KAGY et al., Appellants and Cross–Appellees,

v.

TOLEDO–LUCAS COUNTY PORT AUTHORITY
et al., Appellees and Cross–Appellants.

KAGY et al., Appellees,

v.

TOLEDO–LUCAS COUNTY PORT AUTHORITY et al., Appellants.

[Cite as *Kagy v. Toledo–Lucas Cty. Port Auth.* (1997), 121 Ohio App.3d 239.]

Court of Appeals of Ohio,
Sixth District, Fulton County.

Nos. F–97–006 and F–97–009.

Decided July 15, 1997.

240

*David W. Zoll, Michelle L. Kranz, Brian T. Schurter, Brian Hoch* and *Jim Miller*, for appellees Joseph F. and Winifred M. Kagy et al.

*James R. Jeffery, Teresa L. Grigsby* and *James D. Ossyra*, for appellant Toledo–Lucas County Port Authority.

*William H. Heywood III* and *David J. Coyle*, for appellee Burlington Air Express, Inc.

---

*Per Curiam.*

In appeal No. F–97–009, plaintiffs-appellees, Joseph and Winifred Kagy et al., have filed a motion to dismiss the appeal of defendant-appellant, Toledo–Lucas County Port Authority, from a decision of the Lucas County Court of Common Pleas which denied its motion for summary judgment in this nuisance case.[1] Appellees, property owners who live near the Toledo Express Airport, filed a complaint against the Port Authority, Burlington Air Express, the city of Toledo, and Pittson Company, alleging nuisance. The Port Authority filed a motion for summary judgment, stating that it is immune from suit pursuant to R.C. Chapter 2744. The trial court denied the motion for summary judgment, finding that the Port Authority is not immune from suit. The Port Authority has appealed from this judgment entry.

In their motion to dismiss, appellees state that the trial court's decision is not a final appealable order pursuant to R.C. 2505.02, which states:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action

---

1. Due to their long-term acquaintance with former Judge Richard McQuade, who is one of the plaintiffs in this case, the judges of this court intend to voluntarily recuse themselves from hearing and deciding the merits of this appeal so as to avoid even the appearance of impropriety. However, since the motions presently before the court concern only the issue of final appealability and some procedural matters, the judges have determined that there is no conflict in their involvement with this case at this juncture.

after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."

■ We note that ordinarily the denial of a motion for summary judgment is not a final appealable order, since it does not determine the action and prevent a judgment. *State ex rel. Overmeyer v. Walinski* (1966), 8 Ohio St.2d 23, 37 O.O.2d 358, 222 N.E.2d 312. However, in its memorandum in opposition to appellees' motion to dismiss, appellant argues that the order denying its summary judgment motion in this case is a final appealable order pursuant to R.C. 2501.02, which was amended effective January 27, 1997 by adding the language italicized below, and which states, in part:

"In addition to the original jurisdiction conferred by Section 3 of Article IV, Ohio Constitution, the court shall have jurisdiction upon an appeal upon questions of law to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district, including the finding, order, or judgment of a juvenile court that a child is a delinquent, neglected, abused, or dependent child *and including an order denying a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744. or another provision of the Revised Code,* for prejudicial error committed by a lower court of that nature." (Emphasis added.)

See, also, R.C. 2744.02(C), effective on January 27, 1997, which states:

"An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744. or any other provision of the law is a final order."

Thus, while normally the denial of a summary judgment motion is not a final appealable order, if the order is one "denying a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability," these two new statutory provisions state that it is a final order and, therefore, appealable. The judgment from which this appeal is taken in this case, denial of the Port Authority's summary judgment motion on the issue of immunity, is such an order.

Appellees respond that R.C. 2501.02 and 2744.02(C), as amended, are unconstitutional and without effect. Appellees first argue that these statutes conflict with Civ.R. 54(B) and that pursuant to Section 5(B), Article IV, Ohio Constitution, the rule supersedes the statutes. We find this argument unpersuasive since even if these statutes conflict with Civ.R. 54(B), it is irrelevant because Civ.R. 54(B) does not apply to the judgment being appealed. The rule states:

"Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, *the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.* In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)

■ The claim in question in this appeal is appellees' claim against the Port Authority for nuisance. The Port Authority alleges that it has immunity from being sued on this claim. The trial court judge found that it is not immune. This judgment does not dispose of any claim in this case; it merely states that the Port Authority's defense to the claim based on governmental immunity is invalid. Therefore, Civ.R. 54(B) does not apply, and it is irrelevant whether the new statutes conflict with it.

Appellees next contend that the new statutes are unconstitutional because they violate the "one subject" rule of Section 15(D), Article II, Ohio Constitution, which states:

"No bill shall contain more than one subject, which shall be clearly expressed in its title. No law shall be revived or amended unless the new act contains the entire act revived, or the section or sections amended, and the section or sections amended shall be repealed."

■ The title of the Act that contains the new statutes states that its purpose is to amend and adopt Revised Code sections "relative to changes in the laws pertaining to tort and other civil actions." 1996 Am.Sub.H.B. No. 350. We find that it is not necessary for us to determine if the entirety of Am.Sub.H.B. No. 350 complies with the "one subject" rule, since we find that the new statutes in question clearly fit under the subject of tort reform. These Revised Code sections delineate a new rule concerning when a governmental entity claiming immunity in a tort case can appeal.

Finally, appellees state that these new statutes violate Sections 2 and 16, Article I of the Ohio Constitution, which state:

"All political power is inherent in the people. Government is instituted for their equal protection and benefit, and they have the right to alter, reform, or

abolish the same, whenever they may deem it necessary; and no special privileges or immunities shall ever be granted, that may not be altered, revoked, or repealed by the general assembly."

"All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."

Appellees state that it is a denial of equal protection to allow the Port Authority to appeal from the denial of its motion for summary judgment now, when they, appellees, are foreclosed from appealing the denial of their motion for summary judgment until after the entire case has been resolved. Since no suspect class is involved, the statutory classification does not deny appellees' due process rights if it bears a rational relationship to a legitimate governmental interest. *Kinney v. Kaiser Aluminum & Chem. Corp.* (1975), 41 Ohio St.2d 120, 70 O.O.2d 206, 322 N.E.2d 880.

■ In *Menefee v. Queen City Metro* (1990), 49 Ohio St.3d 27, 29, 550 N.E.2d 181, 182, the court held that R.C. Chapter 2744.05(B) serves a legitimate governmental purpose in that "[i]t conserves the fiscal resources of political subdivisions by limiting their tort liability." We find that R.C. 2744.02(C) serves a similar legitimate governmental purpose in that it conserves the fiscal resources of political subdivisions by allowing them to appeal a decision that they are not immune from suit as soon as such a decision is made instead of having to spend the time and financial resources defending themselves at trial only to appeal after trial and have it determined by an appellate court that they were immune from suit all along. Therefore, we find that R.C. 2744.02(C) and 2501.02 do not violate the Equal Protection Clause of the Ohio Constitution.

■ Finally, we address appellees' contention that these statutes violate Section 16, Article I, Ohio Constitution, the "open courts" clause. Appellees are not denied access to the courts in their claim against the Port Authority; they merely must defend this appeal on the issue of immunity before the trial in this case. We find no constitutional violation in this judicial detour. In sum, we find no merit in any of appellees' contentions that R.C. 2744.02(C) and 2501.02 are unconstitutional.

Accordingly, appellees' motion to dismiss is denied. Also, appellees' request that this court "make a finding under R.C. 2505.35 that there was no reasonable cause for this appeal" and tax appellant with a fee of $250 plus damages is denied. Appellant's request to be "awarded its costs, expenses and fees in defending against [appellees' motion to dismiss]" is also denied.

In the interest of judicial economy, the court *sua sponte* orders that this appeal, No. F–97–009, be consolidated with appeal No. F–97–006 (an appeal

pending from an order of the trial court in this same case) under appeal No. F–97–009 for purposes of this appeal pursuant to App.R. 3(B). Hereinafter, the parties shall be designated as follows: Joseph and Winifred Kagy et al., plaintiffs-appellants/cross-appellees; Toledo Lucas County Port Authority, defendant-appellee/cross-appellant; Burlington Air Express, defendant-appellee.

Several motions have been filed in appeal No. F–97–006. First is the motion of Kagy et al. to strike twelve pages of Burlington Air Express's forty-two-page brief filed on June 2, 1997 because it failed to obtain leave to file a brief in excess of the thirty-page limit. Burlington responded with a motion for extension of the page limit for its June 2, 1997 brief and a memorandum in opposition to the motion to strike. Burlington contends that Kagy et al. will not be prejudiced by allowing Burlington's overlong brief to remain intact, since this court can compensate by granting the motions of Kagy et al. for extension of time and to extend the page limit for their reply brief from ten pages to twenty-five pages.

■ Upon review of Burlington's forty-two-page brief, we note that not only was it filed without leave of court to exceed the page limit, but it also is typed in print considerably smaller than the twelve-point type mandated by App.R. 19. Upon consideration of all the pending motions, we find the motion of Kagy et al. to strike well taken. Burlington's brief filed on June 2, 1997 is ordered stricken. We find Burlington's motion for a page-limit extension not well taken, and it is denied. Burlington shall revise its brief to comply with all applicable rules. Finally, the motion of Kagy et al. for extension of time to file their reply brief is granted, but their motions for extension of the page limit for their reply brief are denied.

The Port Authority's brief on cross-appeal and Burlington's revised brief in response to the appeal of Kagy et al. shall be filed within twenty days of the date of this decision and judgment entry. Thereafter, the briefing in this consolidated appeal shall proceed pursuant to Local Rule 11 of the Sixth District Court of Appeals. Also before the court is the motion of Kagy et al. for additional time to present oral arguments. Upon consideration, the motion is well taken in that each side is granted twenty minutes for oral arguments. It is so ordered.

*Judgment accordingly.*

MELVIN L. RESNICK, P.J., HANDWORK and GLASSER, JJ., concur.