OPINION
Third-party defendant City of Rocky River (hereafter "Rocky River") appeals from an order that denied Rocky River's motion for judgment on the pleadings. That order did not fully dispose of the claims of all the parties, however, and lacked certification pursuant to Civ.R. 54 (B). Because the order appealed is not, therefore, a final appealable order, we must dismiss Rocky River's appeal.
Plaintiff Margaret A. Malloy filed this action against defendants Patrick Thomas Brennan and Mary M. Brennan on July 3, 1997. Malloy alleged that she was injured on July 7, 1995, when she tripped and fell on the sidewalk that abutted the defendants' property.
The defendants answered Malloy's complaint and filed a third-party complaint for indemnity and contribution against third-party defendant City of Rocky River.
Rocky River moved for dismissal of the third-party complaint on April 3, 1998, pursuant to Civ.R. 12(B)(6). Rocky River's motion was denied on June 5, 1998.
On June 10, 1998, Rocky River moved for judgment on the pleadings. Rocky River maintained that it was no longer subject to liability under R.C. 2744.02(B)(3) because of statutory amendments to R.C. 2501.02 and R.C. 2744.02 contained in H.B. 350. On the same date, Rocky River answered the third-party complaint and asserted combined counterclaims/cross-claims.
Rocky River's motion for judgment on the pleadings was denied on August 13, 1998. The court referred this case to arbitration on August 21, 1998. On September 8, 1998, Rocky River brought this appeal from the denial of its motion for judgment on the pleadings pursuant to R.C. 2744.02 (C).
Our appellate jurisdiction is restricted to the review of orders that are final and appealable. Section 3(B)(2), Article IV, Ohio Const.; R.C. 2505.03. To be final and appealable, an order which does not adjudicate all the claims, rights, and liabilities of all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54 (B). State ex rel. A D Limited Partnership v. Keefe
(1996), 77 Ohio St.3d 50; Noble v. Colwell. (1989), 44 Ohio St.3d 92, syllabus.
In the instant case, the trial court denied Rocky River's motion for judgment on the pleadings and thereby denied Rocky River the governmental immunity it invoked pursuant to R.C. 2744.02.
Effective January 27, 1997, amended R.C. 2501.02 provides, in relevant part, as follows:
 In addition to the original jurisdiction conferred by Section 3 of Article IV, Ohio Constitution, the court [of appeals] shall have jurisdiction upon an appeal upon questions of law to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district, * * * including an order denying a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744. or another provision of the Revised Code, for prejudicial error committed by a lower court of that nature.
R.C. 2744.02 (C), also effective January 27, 1997, defines a final order in this context as follows: "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744. or any other provision of the law is a final order."
But even if R.C. 2744.02(C) were sufficient to cause the order here to be a "final order" that may be subject to appellate review, that ruling did not adjudicate all the rights and liabilities of all the parties. Consequently, the requirement of Civ.R. 54 (B) must still be met. State ex rel. A D Limited Partnership v.Keefe, supra; Noble v. Colwell, supra.
Civil Rule 54(B) states, in relevant part,
 In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
In the case at bar, the trial court did not certify, pursuant to Civ.R. 54 (B), that there was no just reason for delay when it denied Rocky River's motion for judgment on the pleadings. Since this ruling did not adjudicate all the rights and liabilities of all the parties, it is interlocutory and is subject to revision by the trial court. See Chef Italiano Corp. v. Kent State Univ.
(1989), 44 Ohio St.3d 86, 90, n. 6.
Consequently, absent the certification required by Civil Rule 54 (B), an order that denies the government's immunity defense but that leaves pending for disposition other claims against multiple parties is not immediately appealable. This was the position of the Second District Court of Appeals in Carlson v. WoolpertConsultants (Nov. 25, 1998), Montgomery App. Nos. 17292, 17303, unreported, and we agree.
We are aware that at least one Ohio court has said that Civil Rule 54(B) is inapplicable if the trial court's order rejects only the government's immunity defense to a claim but does not dispose of the claim. Kagy v. Toledo-Lucas Cty. Port Auth. (1997),121 Ohio App.3d 239 (Kagy I). The Kagy I court denied a motion to dismiss the appeal from an order that lacked the Civ.R. 54 (B) certification.
We think that case is distinguishable, however, from the instant case because multiple claims against multiple parties remain pending for disposition at the trial court level, that is, plaintiff Malloy's claim against the defendants Brennan. In theKagy case, by contrast, the Port Authority appears to have been the only remaining defendant that had claims pending against it at the time of its appeal. See Kagy v. Toledo-Lucas County Port Auth.
(Mar. 20, 1998), Fulton App. No. 97-FU-9, unreported (Kagy II), at p. 2, fn. 9. Given that procedural posture, the Kagy I court arguably "had no reason to consider the application of the `multiple parties' prong of Ohio Civ.R. 54 (B)." Carlson v.Woolpert Consultants, supra, at p. 2.
Under the circumstances of this case, we conclude that the order before us is not subject at this time to appellate review under either R.C. 2505.02 or R.C. 2744.02(C) and that Rocky River's appeal must be dismissed.
If the trial court sees fit, however, to certify pursuant to Civ.R. 54(B) that there is no just reason to delay an appeal by Rocky River, then Rocky River may seek reinstatement of this appeal within thirty (30) days of this entry and this case will be re-set for immediate hearing and disposition without additional briefing.
The appeal is dismissed.
It is ordered that appellees recover of appellant their costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, PRESIDING JUDGE.
LEO M. SPELLACY, JUDGE
KENNETH A. ROCCO, JUDGE