I agree with the well-reasoned opinion and judgment of the majority, and write separately to indicate the need for a different standard of interlocutory review and a reexamination of the whole governmental immunity statute by the legislature.
The "law of unintended consequences" is abundantly demonstrated by both the procedural and substantive aspects of this case. As noted by the majority, the unique expedited, interlocutory appeal procedure, enacted in conjunction with the substantive law of sovereign immunity, was intended to: (1) reduce costs to government (and its supporting taxpayers) in cases where it would eventually prevail anyway, by (2) achieving a quick resolution of the conflict. See Kagy v.Toledo-Lucas Cty. Port Auth. (1997), 121 Ohio App.3d 239, 244; see, also, Menefee v. Queen City Metro (1990), 49 Ohio St.3d 27,29.
The legislature wants economical, expedited resolution of cases involving political subdivisions and their employees. It gets exactly the opposite. Consider both the procedural and substantive issues in this case.
 Sovereign Immunity and Interlocutory Appeal
Whereas it is the general rule that the work of the trial court is to be concluded with finality before issues are to be reviewed by appellate courts, an exception is carved out by the legislature in R.C. Chapter 2744:
 "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744 or any other provision of the law is a final order."
R.C. 2744.02(C).
Ohio Courts of Appeals are understandably divided upon the question of just what is reviewable by interlocutory appeal during the pendency of a case where sovereign immunity is claimed. The Ninth Appellate District has adopted a narrow view of the issues that can properly be addressed by interlocutory appeal. See Brown v. Akron Bd. of Edn. (Aug. 12, 1998), Summit App. No. 18808, unreported, and fn. 4 of the majority opinion,ante. The majority in the instant case, noting conflict with the Ninth District, broadens the procedural right of interlocutory appeal, entertaining "immediate appellate review of a trial court's finding of a genuine issue of fact impacting the applicability of immunity." Fn. 4, ante.
I argue that it is the claimed "status" as a government agency or employee that is accorded special legislative protection. Whenever the procedural priority accorded such is denied, the government agency (or employee) should have the benefit of an expedited appeal. Fashioning such a "bright line" rule would not only be consistent with the statute, but would, hopefully, eliminate some of the confusion and judicial controversy as to what orders are thus appealable. The delay occasioned by the current debate frustrates the legislative intent and the legitimate concerns of government and its supporting taxpayers.
I would adopt the following, broader standard for determining the scope of interlocutory appeal:
 Interlocutory appeal is appropriate when prosecuted by a subdivision or its employees where (1) immunity has been claimed as to state based causes of action, (2) the trial court has overruled a motion to dismiss or a motion for summary judgment, and (3) the legal consequence of an opposite ruling by the trial court would have resulted in an end to the litigation on that cause of action or claim.
However, as to federally-based Section 1983 qualified immunity claims and defenses, the legislature, again, has spoken inconsistently. As noted by the majority, although R.C.2744.02(C) includes "any other provision of the law" as potentially including Section 1983 claims, R.C. 2744.09(E) specifically excludes Section 1983 claims from the reach of interlocutory appeal.
 Sovereign Immunity: Substantive Law
The courts and the legislature have contributed to the dichotomies patent in the statutory treatment of sovereign immunity. As a matter of history, and consistent with the proposition that "the king can do not wrong," sovereign immunity was rooted in U.S. and Ohio common law. Thus, until 1983 in Ohio, the sovereign could not be sued without its consent. See Schenkolewski v. Cleveland Metroparks System
(1981), 67 Ohio St.2d 31 (immunity given). The Ohio Supreme Court revisited the issue in 1983, reversed Schenkolewski, and abolished the doctrine. See Strohofer v. Cincinnati (1983),6 Ohio St.3d 118 (immunity taken away). Quickly thereafter, the Ohio legislature took up the issue, reinstating sovereign immunity in limited circumstances. Here, and in subsequent amendments, the confusing juxtaposition of immunity and non-immunity emerges.
In R.C. 2744.02, a general immunity is set forth, dealing with both acts and omissions, and political subdivisions and
employees. R.C. 2744.02(A) (immunity given). But, in its next breath, the legislature creates exceptions to governmental immunity, with virtually the same language in which it extended it. R.C. 2744.03 2744.05 (immunity taken away). But this is not the end of the "story." Again the legislature grants immunity by way of defense in several instances. See R.C.2744.03(A) (immunity given).
In sum, therefore, we see this sequence as to sovereign immunity: "The king giveth, the king taketh away, the kinggiveth, the king taketh away, the king giveth." Little wonder that even after courts overcome the convoluted issue of interlocutory appeal, they struggle with the substantive law of immunity. And the unintended consequence is further delay and greater cost.
As these rationale apply to the case sub judice, I would entertain all of the issues presented by the government and its employees by interlocutory appeal except the federally based, Section 1983 claims. I would (1) sustain the assignment of error as to Hocking Technical College, (2) overrule it as to the claim of assault and battery and malicious prosecution, grounded in R.C. 2744.03(A)(6)(a) (c), (3) overrule it as to the claim of false arrest, finding, as the trial court did, that there are genuinely disputed issues of material fact, and (4) overrule it as to Section 1983 claims for want of appellate, final order, jurisdiction.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED IN PART and that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART, AND REMANDED and Appellants recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment and Opinion.
Milligan,* J.: Concurs in Judgment and Opinion with Concurring Opinion.
For the Court
 BY: ___________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
* John R. Milligan, retired from the Fifth District, sitting by assignment from the Supreme Court.