I respectfully dissent from the majority's holding that this order cannot be characterized as a final, appealable order in light of the statutory language set forth in R.C. 2744.02(C).
The plain and unambiguous language of R.C. 2744.02(C) allows immediate appellate review of a trial court's finding of a genuine issue of fact impacting the applicability of immunity. Therefore, the order appealed is final and subject to review at this time.
Additionally, the conservation of fiscal resources of political subdivisions is one of the principal statutory purposes behind the immunities and liability limitations provided in R.C. 2744. See Menefeev. Queen City Metro (1990), 49 Ohio St.3d 27, 29. R.C. 2744.02(C) furthers this legislative purpose by allowing political subdivisions and their employees to immediately appeal the denial of an immunity. Kagyv. Toledo-Lucas Cty. Port Auth. (1997), 121 Ohio App.3d 239, 244. Immediate appeal may help prevent political subdivisions and their employees from devoting substantial time and resources to defend an action, only to have an appellate court determine after trial that they were immune from suit all along. Id. To proceed in the manner proposed by the majority would eliminate the very purpose behind R.C. 2744.
For the foregoing reasons, I respectfully dissent.