OPINION
{¶ 1} Plaintiff-appellant, Donald L. Vos, appeals a decision of the Columbiana County Common Pleas Court granting summary judgment in favor of defendants-appellees, Village of Washingtonville, et al. on appellant's claims of denial of due process of law, defamation and slander, a "civil conspiracy", libel, and for a declaratory judgment that the Village of Washingtonville acted and is still acting outside the scope of the law.
 {¶ 2} Appellant's claims stemmed from events at a Village of Washingtonville council meeting. Appellant alleged that the Village of Washingtonville, through its council members, acted in a civil conspiracy to defame appellant and to keep appellant from being placed on the council. Appellant also alleged that appellees denied him of his constitutionally protected rights of due process of law and equal protection under the law guaranteed him by the Fifth and Fourteenth Amendments to the United States Constitution.
 {¶ 3} Apparently, appellant alleged that he was wrongfully denied a seat on the Village of Washingtonville council, because someone held a meeting in violation of the Sunshine Law, R.C.121.22, and presented a newspaper article that said that he was a felon and that felons could not serve on village council. Appellant claimed that he was denied due process and equal protection because he was not invited to council to explain the charge of "corruption of a minor in Pennsylvania". Appellant further complained that his reputation was damaged by this libel or slander.
 {¶ 4} Appellant also brought forth some complaints about the appropriateness of the appellees' counsel and pleadings. Appellant contended that because there were two lawyers filing two answers without the withdrawal of one that the second answer was not an appropriate answer and is in default. He also argued that because some of these council members were not bonded that they were not actually in office and therefore their counsel, Attorney Ian Robinson, could not represent all of them at the same time.
 {¶ 5} Each party filed cross-motions for summary judgment. On March 12, 2003, the trial court granted summary judgment in favor of appellees, dismissing all of appellant's claims. This appeal followed.
 {¶ 6} Initially, it should be noted that appellant's pro se brief does not even approach minimal compliance with the Ohio Rules of Appellate Procedure. This court has previously noted:
 {¶ 7} "Although appellant is proceeding pro se, pro se
litigants are bound by the same rules and procedures as litigants who retain counsel. Meyers v. First National Bank of Cincinnati
(1981), 3 Ohio App.3d 209, 210, 444 N.E.2d 412. See also Dawsonv. Pauline Homes, Inc. (1958), 107 Ohio App. 90, 154 N.E.2d 164. This court has, of course, made some allowances for pro se
litigants, such as in the construction of pleadings and in the formal requirements of briefs. There is, however, a limit. `Principles requiring generous construction of pro se filings do not require courts to conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning.'Karmasu v. Tate (1992), 83 Ohio App.3d 199, 206,614 N.E.2d 827. Furthermore, this court will not become appellant counsel for pro se litigants. Such action would be inherently unjust to the adverse party." Jancuk v. McHenry (Aug. 24, 1999), 7th Dist. No. 95 C.A. 131.
 {¶ 8} Appellant sets forth seventeen "ITEMS" in his brief which this Court will construe as assignments of error. Where some of these "ITEMS" raise similar issues of fact and legal analysis, they will be addressed together.
 {¶ 9} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Bonacorsi v. Wheeling Lake Erie Ry. Co., 95 Ohio St.3d 314, 2002-Ohio-2220,767 N.E.2d 707, at ¶ 24. Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co.
(1976), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 8 O.O.3d 73; Civ.R. 56(C).
 {¶ 10} "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. * * *" (Emphasis sic.) Dresher v. Burt (1996),75 Ohio St.3d 280, 293, 662 N.E.2d 264.
 {¶ 11} The "portions of the record" or evidentiary materials listed in Civ.R. 56(C) include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. The court is obligated to view all the evidentiary material in a light most favorable to the nonmoving party. Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.
 {¶ 12} "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher, 75 Ohio St.3d at 293,662 N.E.2d 264.
 {¶ 13} Summary judgment is appropriate when there is no genuine issue as to any material fact. A "material fact" depends on the substantive law of the claim being litigated. Hoyt, Inc.v. Gordon Assoc., Inc. (1995), 104 Ohio App.3d 598, 603,662 N.E.2d 1088, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202.
 {¶ 14} In appellant's first assignment of error, appellant appears to argue that since appellees were represented by two different attorneys, and both filed separate answers, neither answer was properly filed and appellees were, therefore, in default.
 {¶ 15} Appellant filed his initial complaint on September 24, 2002, and an amended complaint on October 28, 2002. Attorney Craig G. Pelini filed an answer on November 24, 2002, on behalf of the Village of Washingtonville. On November 26, 2002, Attorney Ian Robinson, listing himself as co-counsel, also filed an answer, in addition to counterclaims, on behalf of the Village of Washingtonville and all of the other individually named defendants.
 {¶ 16} Appellant cites no case law or statutory authority that would support his assertion that this was improper. Appellant cites irrelevant and inapplicable local rules of court and Rules of Practice of the Supreme Court of Ohio. Accordingly, appellant's first assignment of error is without merit.
 {¶ 17} In appellant's second assignment of error, appellant appears to argue that Attorney Ian Robinson should not have been permitted to file an answer on behalf of appellees because there was a conflict of interest. Appellant fails to identify the source of the alleged conflict. Accordingly, appellant's second assignment of error is without merit.
 {¶ 18} In appellant's third assignment of error, appellant argues that Attorney Ian Robinson should not have been permitted to answer for appellees because he failed to "deny" many of the claims and factual assertions made by appellant. The primary purpose of an answer is to deny plaintiff's claims. In his answer, Attorney Robinson denied all but one of the twenty paragraphs set forth in appellant's complaint. Accordingly, appellant's third assignment of error is without merit.
 {¶ 19} In appellant's fourth assignment of error, appellant argues that the trial court held him to a stricter standard of compliance with the rules of procedure than he did with counsel for appellees. Trial courts have broad discretion in settling procedural matters. Miller v. Lint (1980), 62 Ohio St.2d 209,214, 16 O.O.3d 244, 404 N.E.2d 752. He alleges that the trial court made him bring his filings into compliance with the local rules, while granting leave to Attorney Robinson to file certain responsive motions. Given the numerous and poorly constructed filings made by appellant, including his appellate brief before this court, it cannot be said that the trial court abused its discretion. Accordingly, appellant's fourth assignment of error is without merit.
 {¶ 20} In appellant's fifth assignment of error, appellant argues that the trial court erred in not addressing some of his pending motions before granting summary judgment. On November 25, 2002, appellant filed a "MOTION TO SUPPRESS ANY AND ALL OF THE PAST CRIMINAL RECORD OF THE PLAINTIFF THAT FAILS TO PROVE THE PLAINTIFF TO BE A FELON". On January 7, 2003, appellant filed a "MOTION FOR RECTUM ROGARE". By the time the trial court entered summary judgment in favor of appellees on March 12, 2003, appellant argues that the trial court had yet to dispose of these two motions.
 {¶ 21} Appellant's "MOTION FOR RECTUM ROGARE" was, in substance, an objection to the trial court's granting appellees an extension of time to file a response to appellant's motion for summary judgment. The trial court expressly denied that motion in a judgment entry filed that same day. The record reveals no ruling on appellant's "MOTION TO SUPPRESS ANY AND ALL OF THE PAST CRIMINAL RECORD OF THE PLAINTIFF THAT FAILS TO PROVE THE PLAINTIFF TO BE A FELON". Regardless, "when the trial court enters judgment without expressly determining a pending motion, the motion is considered impliedly overruled." Maust v. Palmer
(1994), 94 Ohio App.3d 764, 769, 641 N.E.2d 818. Accordingly, appellant's fifth assignment of error is without merit.
 {¶ 22} In appellant's sixth assignment of error, appellant argues that he was denied due process because his deposition was entered into the record. Appellant asserts that Attorney Robinson, who took the deposition, lied to him and told him he could not assert his Fifth Amendment right against self-incrimination. Appellant argues that the court reporter also lied by backing up Attorney Robinson's denial of this assertion.
 {¶ 23} Initially, appellant's argument fails for lack of evidence to support it. It is appellant's duty to point out where in the record (i.e., the deposition) his alleged error can be substantiated. Additionally, appellant cannot demonstrate that he was deprived of his Fifth Amendment rights by some state action. Lastly, as the trial court pointed out in a judgment entry filed December 6, 2003, appellant was not entitled to the appointment of counsel since this is a civil case. Appellant was entitled to raise his right against self-incrimination during the deposition and it was his obligation to have those questions certified to the court. He did not do so and, therefore, waived any alleged violation of his rights. Accordingly, appellant's sixth assignment of error is without merit.
 {¶ 24} In appellant's seventh assignment of error, appellant argues that the trial court erred in allowing Attorney Robinson to represent all of the appellees. Appellant argues that because Attorney Robinson represented certain members of council who were allegedly not bonded in addition to representing those that were bonded, a misappropriation of funds took place and, therefore, the trial court should have prevented him from filing an answer on their behalf. Again appellant presents no evidence or cites any case law or statutory authority to support his argument. Whether certain members of council were bonded or not bonded appears to bear no relevance to Attorney Robinson's representation of all of them. Accordingly, appellant's seventh assignment of error is without merit.
 {¶ 25} In appellant's eighth and ninth assignments of error, appellant argues appellees violated the Ohio Sunshine Law. He adds that the trial court judge violated his oath of office by not enforcing this law and that he suffered irreparable harm from this violation.
 {¶ 26} Ohio's Sunshine Law, embodied in R.C. 121.22, "require[s] public officials to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law." R.C. 121.22(A). R.C. 121.22(H) provides that "[a] resolution, rule, or formal action of any kind is invalid unless adopted in an open meeting of the public body." "[S]ubsection (H) makes it clear that in order to show a violation of the `open meeting' rule * * *, either a resolution, rule or formal action of some kind must have been adopted by the public body at a meeting not open to the public. Thus, the logical inference stemming from section (H) is that any activity not qualifying as either a rule, resolution or formal action does not have to be adopted at an open meeting in order to be valid. Hence, public notice need only be given when formal action will take place. (Emphasis sic.) Holeski v. Lawrence (1993), 85 Ohio App.3d 824,829, 621 N.E.2d 802. The court also added: "The nature and purpose of R.C. 121.22 support the interpretation that the statute is intended to apply to those situations where there has been actual formal action taken; to wit, formal deliberations concerning the public business. Ohio's courts have recognized that information-gathering and fact-finding are essential functions of any board, and that the gathering of facts and information for ministerial purposes does not constitute a violation of the Sunshine Law."
 {¶ 27} Additionally, "public access" is a defense to a claim of noncompliance with the open-meeting requirement. State exrel. Randles v. Hill (1993), 66 Ohio St.3d 32, 35,607 N.E.2d 458. See, also, Springfield Local School Dist. Bd. of Edn. v.Ohio Assn. of Pub. School Emp. Local 530 (1995),106 Ohio App.3d 855, 865, 667 N.E.2d 458.
 {¶ 28} Appellant has not established that a rule, resolution, or formal action was taken by appellees at the workshop where he alleges council members discussed his past record. Also, there was public access to the workshop. The workshops are regularly scheduled meetings, the time and place of which are posted at the Washingtonville Village Council Chambers.
 {¶ 29} Accordingly, appellant's eighth and ninth assignments of error are without merit.
 {¶ 30} In appellant's tenth assignment of error, appellant argues that he was denied due process and equal protection by being denied an oral hearing on his motion to vacate the trial court's judgment entry of March 11, 2003.
 {¶ 31} Appellant's due process rights are served by the filing of the motion and trial court's consideration of it. There is no automatic right to a hearing on a motion to vacate. A court is required to conduct an evidentiary hearing only if the motion contains allegations of operative facts which would warrant relief under Civ.R. 60(B). Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 19, 665 N.E.2d 1102. The court's decision in this regard is within its discretion. Id. Even a cursory reading of appellant's motion reveals that it in no way complies with Civ.R. 60. He does not set forth grounds for relief nor operative facts to establish any of the grounds found in Civ.R. 60(B).
 {¶ 32} Accordingly, appellant's tenth assignment of error is without merit.
 {¶ 33} In appellant's eleventh assignment of error, appellant argues the trial court erred in denying his motion to stay the proceedings pending this appeal.
 {¶ 34} In this case, there were no further proceedings that could or would take place that would need to be stayed. Since appellant, as plaintiff, had all of his claims dismissed, the only remaining procedural step to take was this appeal.
 {¶ 35} Accordingly, appellant's eleventh assignment of error is without merit.
 {¶ 36} In appellant's twelfth assignment of error, appellant argues that the trial court improperly granted summary judgment in favor of appellees on his claim for libel. As proof of libel on the part of appellees, appellant points to a letter from Attorney Richard C. Shelar, Solicitor for the Village of Washingtonville, to Attorney Scott Bowman, then attorney for appellant. In the letter, Attorney Shelar addresses appellant's allegations. The letter begins with reference to the Morning Journal article which covered the meeting in which appellant's past criminal history was discussed. He then continues, stating:
 {¶ 37} "You may want to get the whole story from your client but 23 months in jail seems pretty severe for a non-felon.
 {¶ 38} "If you can tell me who said he was a felon, when and where they said it, I will look into and present the situation to my client(s)."
 {¶ 39} The letter ends by addressing appellant's other allegations.
 {¶ 40} In Regional Imaging Consultants v. Computer BillingServ., 7th Dist. No. 00 CA 79, 2001-Ohio-3457, at ¶ 63-67, this court detailed the law concerning defamation as follows:
 {¶ 41} "Defamation is a false publication that injures a person's reputation, exposes the person to public hatred, contempt, ridicule, shame or disgrace or affects the person adversely in his trade or business. Matalka v. Lagemann (1985),21 Ohio App.3d 134, 136. Defamation can be in the form of either slander or libel. Slander generally refers to spoken defamatory words, while libel refers to written or printed defamatory words.Lawson v. AK Steel Corp. (1997), 121 Ohio App.3d 251, 256; see, also, A B-Abell Elevator Co., Inc. v. Columbus/Central OhioBldg. Contr. Trades Council (1995), 73 Ohio St.3d 1, 7.
 {¶ 42} "The essential elements of a defamation action, whether slander or libel, are that the defendant made a false statement, that the false statement was defamatory, that the false defamatory statement was published, that the plaintiff was injured and that the defendant acted with the required degree of fault. Celebrezze v. Dayton Newspapers, Inc. (1988),41 Ohio App.3d 343, 346-347. In an action for defamation, the plaintiff's prima facie case is made when he has established a publication to a third person for which defendant is responsible, the recipient's understanding of the defamatory meaning, and its actionable character. Hahn v. Kotten (1975), 43 Ohio St.2d 237,243.
 {¶ 43} "Defamation is further categorized as defamation per se and defamation per quod. Defamation per se occurs when material is defamatory on its face, i.e., by the very meaning of the words used; defamation per quod occurs when material is defamatory through interpretation or innuendo. Moore v. P.W.Pub. Co. (1965), 3 Ohio St.2d 183, 188; Becker v. Toulmin
(1956), 165 Ohio St. 549, 556. Written matter is libelous per se if, on its face, it reflects upon a person's character in a manner that will cause him to be ridiculed, hated, or held in contempt, or in a manner that will injure him in his trade or profession. Id. at 553. When a writing is not ambiguous, the question of whether it is libelous per se is for the court to decide. Id. at 555.
 {¶ 44} "Under Ohio law, for a statement to be defamatory it must be a statement of fact and not of opinion. Vail, supra,72 Ohio St.3d at 281. Section 11, Article I of the Ohio Constitution provides in relevant part: `[e]very citizen may freely speak, write, and publish his sentiments on all subjects, being responsible for the abuse of the right; and no law shall be passed to restrain or abridge the liberty of speech, or of the press.'
 {¶ 45} "Whether allegedly defamatory language is opinion or fact is a question of law for the court to decide. Yeager v.Local Union 20 (1983), 6 Ohio St.3d 369, 372. A `totality of the circumstances' test is used to determine whether a statement is fact or opinion. Vail at 281. This is a fluid test and calls for the court to consider the specific language used, whether the statement is verifiable, the general context of the statement and the broader context in which the statement appeared. Id."
 {¶ 46} In this case, other than making the general assertion, appellant fails to explain how the statements in question were defamatory or point to evidence in support thereof. Although appellant focuses only on Attorney Shelar's letter as proof of his claim for defamation on appeal, in the proceedings below appellant rested his claim on two additional events. First, a council member told appellant that the newspaper article was discussed as well as whether he was a felon or not. Second, appellant points to the copy of the newspaper article about appellant with notations stating "corruption of a minor," "served 23 months," and "paroled March 1990," which was allegedly passed around at the meeting.
 {¶ 47} Appellant was unable to offer any evidence to prove who or which council member(s) specifically referred to him as a felon at the meeting. (Tr. 132-139.) The article and its notations are all true, as acknowledged by appellant himself. (Tr. 119.) Lastly, Attorney Shelar's letter merely raised the logical question of whether it could be inferred that appellant was a non-felon considering the nature of the charge that led to his conviction and the fact that he served a 23 month sentence on that conviction.
 {¶ 48} Accordingly, appellant's twelfth assignment of error is without merit.
 {¶ 49} In appellant's thirteenth assignment of error, appellant argues that the trial court granted summary judgment to appellees solely on the allegations made in appellees' counterclaims which were included in their answer to appellant's amended complaint. The claims included abuse of process, frivolous conduct, and vexatious litigation on the part of appellant.
 {¶ 50} Appellant's assertion is incorrect. Summary judgment was granted to appellees solely based on the defamation claims of appellant which formed the entire basis of his lawsuit. The trial court never ruled on appellees' counterclaims and they were subsequently voluntarily dismissed by appellee.
 {¶ 51} Accordingly, appellant's thirteenth assignment of error is without merit.
 {¶ 52} In appellant's fourteenth assignment of error, appellant argues that, despite Attorney Robinson's denial that any of the appellees ever said appellant was a felon, appellees referred to appellant as a felon three times in their answer to appellant's amended complaint. Specifically, appellant refers to paragraph eighteen of appellee's answer. (Doc. No. 69 p. 2.) The paragraph is one of numerous affirmative defenses asserted by appellees and states:
 {¶ 53} "Plaintiff's character and reputation is so despicable, pusillanimous, and unsavory because of his deviant conduct and sexual acts against a thirteen-year-old boy who testified against Donald L. Vos that Vos for him (the thirteen-year old) to receive oral sex from Vos, that Vos forced the thirteen-year-old to perform oral sex on Vos, and that Vos made the thirteen-year-old watch Vos perform sex on the boy's mother; Vos's admission that he (Vos) beat the thirteen-year-old with a board until he was black and blue; and Vos' multiple convictions for corruption of minors (2 counts), theft, assault, and defiant trespass, that it is impossible to harm or damage Vos' reputation."
 {¶ 54} A review of the aforementioned language clearly reveals that it does not call appellant a felon. Rather, all of the facts alleged are substantiated by evidence that appellees provided in support of their summary judgment motion. Incorporated into their motion was the thirteen-year-old's statement detailing the sexual abuse he suffered at the hands of appellant. Additionally, through his deposition, appellant acknowledges in his own words his history of criminal convictions, including those for corruption of a minor.
 {¶ 55} Accordingly, appellant's fourteenth assignment of error is without merit.
 {¶ 56} In appellant's fifteenth and seventeenth assignments of error, appellant argues that because Attorney Ian Robinson could not be co-counsel to anyone and that Attorney Craig Pelini failed to answer the amended complaint, appellees' were in default. Attorney Craig Pelini filed an answer on behalf of appellees in response to appellant's first complaint. Attorney Ian Robinson filed an answer in response to appellant's amended complaint.
 {¶ 57} Appellant alleges that answer filed by Attorney Robinson should have been stricken because he failed to state who he was co-counsel for. Appellant's argument is simply not supported by the record. The introductory or opening paragraph of the answer filed by Attorney Robinson on behalf of appellees states:
 {¶ 58} "Now come DEFENDANTS VILLAGE OF WASHINGTONVILLE, CHARLES MORROW, RICHARD SHELAR, THERESA ALLISON, LARRY DICKSON, MIKE DONNALLEY, ROY HARTMAN, NORM SOMMERS, LAURA TRUMMER, JUNE GARLOUGH, JEAN NOCERA, and respond to the Plaintiff's Complaint and Amended Complaint with their Answer and Counterclaims as follows:" (Doc. No. 69 p. 1.)
 {¶ 59} On the last page, a caption above Attorney Robinson's signature reads in part:
 {¶ 60} "Co-Counsel for Village of Washingtonville and Counsel for all other Defendants" (Doc. No. 69 p. 5.)
 {¶ 61} It is obvious that this answer was meant to supplant the answer initially filed by Attorney Pelini and address appellant's new amended complaint. The filing also makes clear that Attorney Robinson was acting as co-counsel for all of the appellees.
 {¶ 62} Accordingly, appellant's fifteenth and seventeenth assignments of error are without merit.
 {¶ 63} In appellant's sixteenth assignment of error, appellant argues that the trial court judge in this matter was not bonded and, therefore, not legally entitled to hold his office and preside over appellant's case. In support, appellant cites R.C. 309.11 which states:
 {¶ 64} "The prosecuting attorney shall prepare, in legal form, the official bonds for all county officers, and shall see that the acceptance of such bonds by the proper authorities, the signing thereof, and all the indorsements thereon, are in conformity to law, and that they are deposited with the proper officer. No bond shall be accepted or approved for any county officer by the person or tribunal authorized to approve it, until the prosecuting attorney has inspected it, and certified thereon that such bond is sufficient. In case of a vacancy in the office of prosecuting attorney or of the absence or disability of the prosecuting attorney, such duties shall be discharged by the probate judge."
 {¶ 65} This section does not explicitly require a common pleas judge to file a bond in order to hold or retain office. Appellant has cited no other local law, state statute, or case law requiring such. Also, as noted by appellees, the Ohio Supreme Court has held:
 {¶ 66} "The law does not look with favor upon declaring a forfeiture in an office to which one has been elected in a legal manner, and where the office has not been declared vacant, and no other rights or title have intervened, such irregularities asfailure to give bond, or take the oath of office within a certain time, have not generally been held to be sufficient grounds for declaring a forfeiture of the office." (Emphasis added.) State ex rel. Lease v. Turner (1924), 111 Ohio St. 38,45, 144 N.E. 599. See, also, State ex rel. Billis v. Summers
(1992), 76 Ohio App.3d 848, 603 N.E.2d 410.
 {¶ 67} Accordingly, appellant's sixteenth assignment of error is without merit.
 {¶ 68} In conclusion, each of appellant's seventeen assignments of error is without merit. The judgment of the trial court is hereby affirmed.
Judgment affirmed.
Waite, P.J., and Vukovich, J., concur.