{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Defendant-Appellant Ronald Sedlacko appeals the decision of the Mahoning County Court of Common Pleas that granted summary judgment to Plaintiff-Appellee Mortgage Electronic Registration Systems, Inc. (MERS) in its foreclosure action against Sedlacko. On appeal, Sedlacko raises many arguments. However, he did not properly put any evidence supporting any of these arguments in the record before the trial court. In contrast MERS's motion for summary judgment showed that there were no genuine issues of material fact and that it was entitled to relief as a matter of law. Accordingly, the trial court's decision is affirmed.
 Facts {¶ 2} In October 2004, Sedlacko entered into a promissory note with MERS, which was secured by a mortgage on his property. Sedlacko defaulted on the loan and MERS filed a complaint for foreclosure on November 6, 2006. Sedlacko answered the complaint pro se and raised four affirmative defenses. On February 13, 2007, MERS moved for summary judgment with properly attached evidentiary support. Sedlacko responded pro se by asking the trial court to deny MERS's motion for summary judgment and dismiss its complaint. Sedlacko submitted many documents in support of his motion, but did not properly submit those documents as evidence which could be considered in response to the motion for summary judgment. On July 3, 2007, the trial court granted the motion for summary judgment.
 {¶ 3} On appeal, Sedlacko filed his initial merit brief pro se within which he raised nine issues he presented to this court for review. MERS responded to that brief both by asking that this court disregard Sedlacko's arguments for failure to comply with the Appellate Rules and by addressing the merits of Sedlacko's arguments. After Sedlacko twice moved pro se for an extension of time to file a reply brief, counsel made an appearance for Sedlacko and filed a reply brief which urged this court to disregard all of Sedlacko's previous arguments and instead address two newly raised assignments of error. In a February 6, 2008, judgment entry, we said we would treat the brief filed by counsel as a supplemental brief raising additional assignments of error. *Page 2 
MERS's Motion to Disregard Sedlacko's Pro Se Arguments
 {¶ 4} In his original appellate brief, Sedlacko raises nine "issues" on appeal which are akin to assignments of error:
 {¶ 5} "Issue one is court documents on subpoenaed for 302 Broad Street from Struthers Municipal Court over the past fourteen years. This is due to neglect and building standards / and triple neighbor eyesores, fire hazard and after 13 years of a brick here a window there construction Mahoning County places a stop work order on 302 Broad St.. Complaint is in motion to dismiss Case No. 2006CV04301 filed with Clerk of Mahoning County Courts January 2007. This cross claim in my opinion should have been addressed by the court, though filing with common pleas is the norm."
 {¶ 6} "Non-issuance of two sanctions for failure to appear. At two of the first three hearings, the plaintiffs did not show up at hearing. I had 30 plus interrogatories to ask plaintiffs Appellees and they did not show up at scheduled hearings. They did show at the third hearing and my interrogatories were denied, issue error."
 {¶ 7} "The issue of the appraiser in the cross counterclaim was not addressed. My Home was appraised for $19,000.00 in 2001 and appraised for $68,500.00 in 2004 in the Aegis scheme to inflate property value `with a false sense of future profit. IN addition, creating an income, when I had zero income and only loss for loss on car sales. In addition, usage of a single tax return with so little income that reasonable minds would have denied the loan application in an instant."
 {¶ 8} "My cross counterclaim motion against the City of Struthers was ignored unaddressed concerning the immediate neighborhood blight. Refer to Appellant / Defendant motion filed on 2006CV04301 the last week of January 2007."
 {¶ 9} "The issues of the phone call on May the 10th at about 9:30 A.M. . . Judy Quarles my financial counselor from Family Service Agency who called Aegis in Texas and spoke to Mr. Barry (1-866-303-9819) and the conversation that `due to my health condition Aegis would wait another 6 to 8 months until SSA was sorted. A subpoena check of phone records would confirm. This was exhibit e filed and was partially explained at the only hearing of three the Appellee attended." *Page 3 
 {¶ 10} "Additional current disability medical records filing. Due to medical condition, I was unable to file the documents with the clerk of courts after hearing. Said documents are to be filed with upcoming appeals [10-day calendar] brief located in briefs appendix."
 {¶ 11} "I had my house for sale for two years with ReMax Realty and in that two-year period, the only offer I got was for $9,000.00. 2004, 2005 and 2006."
 {¶ 12} "I was bombarded with emails and phone calls in 2004 for a manipulated mortgage I could never afford. A corporate goliath targeted inflation larceny mortgage. Over a million foreclosures across the United States this year double last years total to date and growing, 20-30% larceny mortgages in my opinion."
 {¶ 13} "Error One: 5(c) Civil cases shall be given a trial date. Trial date requested in motion Error Two: Motion to compel not addressed. Error Three: Denial of interrogatories at hearing June 29th 2007 reason `I had plenty of time' `not' plaintiff/Appellee should have been sanctioned twice for no show at two hearings of three scheduled, where interrogatories could not be posed due to no plaintiff, twice. Error four: Motion for discovery not granted nor addressed in judgment."
 {¶ 14} When making these arguments, Sedlacko failed to comply in many respects with the Appellate Rules. MERS argues that we should disregard all of Sedlacko's assignments of error due to the quality of his brief.
 {¶ 15} Generally, a pro se civil litigant is bound by the same rules and procedures as those who retain counsel. Holman v. Keegan (2000),139 Ohio App.3d 911, 918. We have the authority to disregard any error which is not separately argued in the brief, as required by App. R. 16(A)(7). App. R. 12(A)(2). However, in the past we have made some allowances for pro se litigants in the construction of their briefs. See Vos v.Washingtonville, 7th Dist. No. 03-CO-20, 2004-Ohio-1388, at ¶ 7;Jancuk v. McHenry (Aug. 24, 1999), 7th Dist. No. 95 C.A. 131. In this case, it is clear what errors Sedlacko believes the trial court made and what his arguments are concerning those errors. Accordingly, we will not disregard all of Sedlacko's assignments of error.
 {¶ 16} Nevertheless, the fact that we are construing Sedlacko's brief generously *Page 4 
does not mean that we will "conjure up questions never squarely asked or construct fullblown claims from convoluted reasoning." Karmasu v.Tate (1992), 83 Ohio App.3d 199, 206. We cannot act as appellate counsel for pro se litigants because this would be inherently unjust to the adverse party. Vos at ¶ 7.
 Summary Judgment {¶ 17} In addition to the issues Sedlacko raised in his pro se brief, Sedlacko's counsel argues the following two assignments of error:
 {¶ 18} "In granting summary judgment, the trial court erred in failing to consider the factual statements made in Defendant/Appellant's motion to dismiss, which was filed in opposition to the Plaintiff/Appellee's motion for summary judgment."
 {¶ 19} "In granting summary judgment, the trial court erred in failing to address or to otherwise make a ruling on the Defendant/Appellant's affirmative defenses."
 {¶ 20} All of the issues both Sedlacko and his counsel raise argue that the trial court should not have granted summary judgment to MERS. When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court and, therefore, engages in a de novo review. Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829. Under Civ. R. 56, summary judgment is only proper when the movant demonstrates that, viewing the evidence most strongly in favor of the non-movant, reasonable minds must conclude no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. Doe v. Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-0186. A fact is material when it affects the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel, Inc. (1999),135 Ohio App.3d 301, 304.
 {¶ 21} When moving for summary judgment, a party must produce some facts that suggest that a reasonable fact-finder could rule in her favor. Brewer v. Cleveland Bd. of Edn. (1997), 122 Ohio App.3d 378, 386. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v.Burt, 75 Ohio St.3d 280, *Page 5 
296, 1996-Ohio-0107. The trial court's decision must be based upon "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ. R. 56(C). The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Dresher at 293.
 {¶ 22} Unfortunately, Sedlacko appears to have misunderstood his burden when faced with a motion for summary judgment. For example, Sedlacko attached many medical and tax records to his response to MERS's motion for summary judgment, but these records are not the type of facts that courts can use when ruling on a motion for summary judgment. Civ. R. 56(C) provides an exclusive list of the types of evidence a trial court can consider when ruling on a motion for summary judgment and no other evidence may be considered. Drawl v. Cornicelli (1997),124 Ohio App.3d 562, 569. In order for Sedlacko to properly put this evidence before the trial court, he had to introduce this evidence by way of an affidavit that complies with Civ. R. 56(E). Id. Since Sedlacko did not properly introduce his evidence, neither the trial court nor this court can consider that evidence when ruling on MERS's motion for summary judgment.
 {¶ 23} Sedlacko's supplemental brief contends that the factual statements he made in his motion to dismiss should be treated as the equivalent of an affidavit and, therefore, be considered when ruling on the motion for summary judgment. However, Ohio's appellate courts have held that a document which is not sworn in the presence of a notary or other person authorized to administer oaths is not an affidavit for the purposes of Civ. R. 56(C). Pollock v. Brigano (1998),130 Ohio App.3d 505, 509; see also Citizens Ins. Co. of New Jersey v. Burkes (1978), 56 Ohio App.2d 88. Thus, we cannot treat the "factual statements" in Sedlacko's motion as evidence we can consider when reviewing the trial court's decision denying summary judgment.
 {¶ 24} Moreover, many of the "facts" which Sedlacko argues are not supported by any evidence at all, regardless of whether it was properly introduced. For example, Sedlacko refers to events which occurred at hearings which are not in the record; facts regarding the appraisal of his home; facts regarding some of the neighboring homes; and *Page 6 
phone calls and emails between he, his representatives, and MERS. All of these "facts" are nothing more than allegations which Sedlacko has not supported with any evidence. Courts cannot rely on mere allegations when ruling on a motion for summary judgment. Dresher at 293.
 {¶ 25} Sedlacko also makes arguments about claims that he has made against MERS and other entities. However, the record shows that Sedlacko never effectively filed a claim against any entity. For example, Sedlacko filed an "Answer and Counterclaim" to MERS's complaint, but that document only stated four defenses to MERS's claim; it did not state any claims against MERS. Similarly, Sedlacko filed a "Motion to Include Conclusion Amendment" in which he tried to provide additional evidentiary support for his claim that MERS was not entitled to summary judgment. At the end of that document, Sedlacko stated that the document included claims against the "appraiser, City of Struthers, and Jerry Rainer." However, there is no indication that Sedlacko ever intended for this document to serve as a formal complaint against those entities.
 {¶ 26} Sedlacko's attorney further argues that the trial court's order must rule on Sedlacko's affirmative defenses in order to be a complete final order. The order does dispose of MERS's claim against Sedlacko and is, therefore, final under R.C. 2505.02. Furthermore, Civ. R. 54(B), which states that some final orders are not immediately appealable does not apply to defenses. Kagy v. Toledo-Lucas Cty. Port Auth. (1997),121 Ohio App.3d 239, 243. Instead, it only applies when there are still outstanding claims between parties in the trial court. Id. Sedlacko's argument in this regard is also meritless.
 {¶ 27} Finally, Sedlacko mentions that he intends to introduce new evidence to this court during this appeal. However, we may only use the parties briefs, the record on appeal under App. R. 9, and oral arguments to decide an appeal. App. R. 12(A)(2). Accordingly, we cannot consider any facts which were not made a part of the trial court proceedings.Valentine v. PPG Industries, Inc. (2001), 145 Ohio App.3d 265, 273.
 {¶ 28} In conclusion, Sedlacko raises many arguments in this appeal, but none of them have any merit. Fundamentally, Sedlacko did not meet his burden of responding to MERS's motion for summary judgment with properly submitted evidence showing a *Page 7 
genuine issue of material fact. The trial court's decision was proper, given the state of the record before it. Accordingly, all of Sedlacko's arguments are meritless and the judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1